UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

STEPHEN F. ALBEE, on behalf of
himself and all others similarly situated,

        Plaintiff,

v.

SONNY'S FRANCHISE COMPANY,

        Defendant.
_____/

Case No. _____

**CLASS ACTION**

**DEMAND FOR JURY TRIAL**

## CLASS ACTION COMPLAINT

Plaintiff, Stephen F. Albee ("**Plaintiff**"), individually and on behalf of all others similarly situated, sued Defendant, Sonny's Franchise Company ("**Defendant**"), and alleges on personal knowledge, investigation of his counsel, and on information and belief as follows:

## NATURE OF ACTION

1. Plaintiff brings this class action for damages and other equitable and legal remedies resulting from the illegal conduct of Defendant in negligently or knowingly and/or willfully sending commercial text messages to the cellular telephones of Plaintiff and putative Class Members for non-emergency purposes using an automatic telephone-dialing system without their prior express consent, in violation of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. ("**TCPA**").

## JURISDICTION AND VENUE

2. This matter in controversy exceeds $5,000,000, as each putative Class Member is entitled to $500.00 per text message negligently sent in violation of the TCPA, or $1,500.00 per text message knowingly and/or willfully sent in violation of the TCPA, exclusive of attorney

1

fees, pre-judgment interest, and costs. This Court has federal question jurisdiction over this matter because Plaintiff's claims arise from violations of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.*, which is a law of the United States.

3. Under 28 U.S.C. §§ 1391(b)-(c), venue is proper in the United States District Court for the Middle District of Florida, because Defendant is a Florida for-profit corporation with a principal place of business and corporate headquarters in this District, and because a substantial part of the events giving rise to the claims occurred in this District.

## PARTIES

4. Plaintiff, Stephen F. Albee, was at all times relevant to this matter a citizen of the state of Florida, residing in Jacksonville, Duval County, Florida.

5. Defendant, Sonny's Franchise Company, was at all times relevant to this matter a citizen of the state of Florida with a principal place of business and corporate headquarters in Winter Park, Orange County, Florida. Defendant operates a chain of restaurants under the name Sonny's Real Pit Bar-B-Q throughout Alabama, Florida, Georgia, Kentucky, Louisiana, Mississippi, North Carolina, South Carolina, and Tennessee.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227, *et seq.*

6. The TCPA, 47 U.S.C. §§ 227, *et seq.*, was enacted by Congress in 1991 to address consumer complaints about rampant telemarketing practices.

7. It has been determined that the term "any call," which is undefined in the TCPA, includes text messages sent to cellular telephones using an automatic telephone-dialing system.

8. Section 227(b)(1)(A)(iii) bans the use of an autodialer to send commercial text messages unless the consumer has provided prior written consent to receive the message, or the message is sent for emergency purposes.

9. According to the Federal Communications Commission, the agency authorized by Congress to regulate compliance with the TCPA, unwanted texts to cellular telephones can be intrusive and costly for consumers.

## FACTUAL ALLEGATIONS

10. At all relevant times, Plaintiff was an individual residing in the state of Florida. He is a "person" as defined by 47 U.S.C. § 153(39).

11. Plaintiff has been a Straight Talk wireless subscriber and holder of his cellular telephone number since at least April 2014.

12. Plaintiff has never provided his cellular telephone number to Defendant. Nor has Plaintiff ever provided express consent for Defendant to place calls or send commercial text messages to his cellular telephone.

13. Notwithstanding the fact that Plaintiff did not provide Defendant with his cellular telephone number or prior express consent, Defendant sent a commercial text message to Plaintiff's cellular telephone from a number identified as "497-98" stating: "**Sonny's VIP** Happy Veteran's Day! All Vets eat for 1/2 PRICE at Sonny's today 11/11! Excludes alcohol."

14. Defendant used an automatic telephone-dialing system, as described in 47 U.S.C. § 227(a)(1), to send the aforementioned commercial text message to Plaintiff and putative Class Members.

15. The telephone number Defendant used to contact Plaintiff via an automatic telephone-dialing system was assigned to a cellular telephone service, as described in 47 U.S.C. § 227(b)(1)(A)(iii).

16. The pertinent text message was not sent for emergency purposes, as defined in 47 U.S.C. § 227(b)(1)(A).

17. Defendant's sending of text messages using an automatic telephone-dialing system for non-emergency purposes and without Plaintiff's prior express consent violated 47 U.S.C. § 227(b)(1)(A).

18. In accord with the TCPA and the FCC's January 4, 2008 Declaratory Ruling, Defendant must demonstrate that Plaintiff provided prior express consent to receive commercial text messages within the meaning of the TCPA.

## CLASS ACTION ALLEGATIONS

19. Pursuant to Federal Rules of Civil Procedure 23(a), (b)(2) and (b)(3) and as detailed in the individual counts below, Plaintiff brings this action on behalf of himself and all others similarly situated,. Specifically, Plaintiff seeks to represent the following persons ("**the Class**" or "**Class Members**"):

> All persons within the United States who, between December 30, 2010 and the present, received a non-emergency text message from Sonny's Franchise Company or any of its affiliates or subsidiaries to a cellular telephone through the use of an automatic telephone-dialing system, and who did not provide prior express consent to receive such text messages.

The Class definition is subject to amendment as needed.

20. Excluded from the Class are Defendant, its employees, agents and assigns, and any members of the judiciary to whom this case is assigned, their Court staff, and Plaintiff's counsel.

21. Also excluded from this action are any claims for personal injury, wrongful death and/or emotional distress. Members of the above-defined Class can be easily identified through Defendant's records.

**Numerosity**

22. At the time of filing, Plaintiff does not know the exact number of putative Class Members. However, the hundreds of locations maintained by Sonny's Real Pit Bar-B-Q restaurants across the United States, coupled with Defendant's commercial presence and significant marketing efforts, affirms that Class Members likely number in the thousands or hundreds of thousands, and are geographically disbursed throughout the country.

23. The alleged size and geographic disbursement of the putative Class, and relatively modest value of each individual claim, makes joinder of all Class Members impracticable or impossible.

**Predominance of Common Questions of Law and Fact**

24. This action involves common questions of law and fact, which predominate over any questions affecting individual Class Members. The common legal and factual questions include at least the following:

   a. whether Defendant uses an automatic telephone-dialing system to send commercial text messages to cellular telephones;

   b. whether between December 30, 2010 and the present, Defendant used an automatic telephone-dialing system to send commercial text messages to the cellular telephones of Plaintiff and putative Class Members;

   c. whether Defendant is subject to the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*.

   d. whether Defendant can show that it obtained prior express consent from Plaintiff and putative Class Members to send commercial text messages to their cellular telephones using an automatic telephone-dialing system;

  e. whether Defendant's conduct violates the TCPA;

  f. whether Defendant's conduct was negligent;

  g. whether Defendant's conduct was knowing and/or willful;

  h. whether Defendant is liable for damages, and the amount of such damages;

  i. whether Plaintiff and putative Class Members are entitled to declaratory relief;

  j. whether Defendant should be enjoined from engaging in such conduct in the future; and

  k. whether Plaintiff and Class Members are entitled to any other remedy.

### Typicality

25. Plaintiff's claims are typical of the claims of the putative Class Members, as Plaintiff and Class Members have been injured by Defendant's uniform misconduct – the sending of commercial text messages to cellular telephones for non-emergency purposes and without prior express consent.

26. Plaintiff shares the aforementioned facts and legal claims and/or questions with all putative Class Members. Further, a sufficient relationship exists between Defendant's conduct and the damages sustained by Plaintiff and putative Class Members.

### Adequacy

27. Plaintiff will fairly and adequately protect the interests of putative Class Members and is committed to the vigorous prosecution of this action. Plaintiff has retained counsel experienced in complex consumer class action litigation and matters specifically involving TCPA violations. Plaintiff intends to prosecute this action vigorously, and has no interest adverse or antagonistic to those of the Class.

**Superiority**

28. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members' claims is impracticable or impossible for at least the following reasons:

   a. The Class claims predominate over any questions of law or fact (if any) affecting only individual Class Members;

   b. Absent a Class, the Class Members will continue to suffer damage and Defendant's violations of the TCPA will continue without remedy;

   c. Given the size of individual Class Members' claims, few (if any) putative Class Members could afford to or would seek legal redress individually for the wrongs Defendant committed and continues to commit against them, and absent Class Members have no substantial interest in individually controlling the prosecution of individual actions;

   d. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts, while also increasing the delay and expense to all parties and the courts. Comparatively, the class action device provides economies of scale and allows Class Members' claims to be comprehensively administered and uniformly adjudicated in a single proceeding;

   e. When the liability of Defendant has been adjudicated, claims of all Class Members can be administered efficiently and determined uniformly by the Court;

f. No difficulty impedes the action's management by the Court as a class action, which is the best available means by which Plaintiff and Class Members can seek redress for the damages caused to them by Defendant's uniform misconduct;

g. The litigation and trial of Plaintiff's claims are manageable;

h. Defendant has acted and/or refused to act on grounds generally applicable to Plaintiff and the Class by sending commercial text messages to their cellular telephones for non-emergency purposes and without their prior express consent, rendering just and appropriate final injunctive relief for the Class; and

i. Because Plaintiff seeks injunctive relief and corresponding declaratory and equitable relief for the entire Class, the prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members, and establishing incompatible standards of conduct for Defendant.  Additionally, bringing individual claims would burden the courts and result in an inefficient method of resolving this action.  As a practical matter, adjudications with respect to individual Class Members would be dispositive of the interests of other Class Members who are not parties to the adjudication and may impair or impede their ability to protect their respective interests.  Consequently, class treatment is a superior method for adjudication of the issues in this case.

## CAUSES OF ACTION

### COUNT I

**Negligent Violation of the Telephone Consumer Protection Act
47 U.S.C. §§ 227, *et seq*.**

29. Plaintiff incorporates by reference the allegations in Paragraphs 1 through 28.

30. Without prior express consent, Defendant sent commercial text messages for non-emergency purposes to the cellular telephones of Plaintiff and Class Members using an automatic telephone-dialing system with the capacity to store or produce telephone numbers to be texted.

31. The foregoing acts constitute numerous and multiple negligent violations of the TCPA, including, but not limited to, each of the above-cited provisions of 47 U.S.C. §§ 227, *et seq*.

32. Under 47 U.S.C. § 227(b)(3)(B), and as a result of the alleged negligent violations of the TCPA, Plaintiff and Class Members are entitled to an award of $500.00 in statutory damages for each and every commercial text message sent in violation of the TCPA.

33. Plaintiff and Class Members are also entitled to and seek injunctive relief prohibiting future violations of the TCPA.

34. Plaintiff and Class Members are also entitled to an award of attorney fees and costs.

### COUNT II

**Knowing and/or Willful Violation of the Telephone Consumer Protection Act
47 U.S.C. §§ 227, *et seq.***

35. Plaintiff incorporates by reference the allegations in Paragraphs 1 through 28.

36. Without prior express consent, Defendant sent commercial text messages for non-emergency purposes to the cellular telephones of Plaintiff and Class Members using an automatic telephone-dialing system with the capacity to store or produce telephone numbers to be texted.

37. The foregoing acts constitute numerous and multiple knowing and/or willful violations of the TCPA, including, but not limited to, each of the above cited provisions of 47 U.S.C. §§ 227, *et seq*.

38. Pursuant to 47 U.S.C. § 227(b)(3)(B), and as a result of the alleged knowing and/or willful violations of the TCPA, Plaintiff and Class Members are entitled to an award of $1,500.00 in statutory damages for each and every commercial text message sent in violation of the statute.

39. Plaintiff and Class Members are also entitled to and seek injunctive relief prohibiting future violations of the TCPA.

40. Plaintiff and Class Members are also entitled to an award of attorney fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all putative Class Members the following relief against Defendant:

A. $500.00 in statutory damages for each and every text message negligently sent by Defendant in violation of 47 U.S.C. § 227(b)(1) of the TCPA;

B. $1,500.00 in statutory damages for each and every text message willfully and/or knowingly sent by Defendant in violation of 47 U.S.C. § 227(b)(1) of the TCPA;

C. Injunctive relief prohibiting future violations of the TCPA;

D.      An award of attorney fees and costs to counsel for Plaintiff's counsel;

E.      An order certifying this matter as a class action pursuant to Federal Rule of Civil Procedure 23, certifying the Class defined herein, appointing Plaintiff as Class Representative, and appointing Plaintiff's counsel as Class Counsel; and

F.      Any additional relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all counts triable by jury.

Dated:  December 30, 2014          Respectfully submitted,

**MORGAN & MORGAN**
**COMPLEX LITIGATION GROUP**

/s/ *Jonathan B. Cohen*
Jonathan B. Cohen (Bar No. 0027620)
John A. Yanchunis (Bar No. 324681)
201 N. Franklin St., 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-2434
jcohen@forthepeople.com
jyanchunis@forthepeople.com

*Attorneys for Plaintiff*